FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 20 2012

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                             :

RALPH BAKER,                   :

                            :   **MEMORANDUM**
                Plaintiffs.  :   **DECISION AND ORDER**
                            :
       - against -        :   12 Civ. 1090 (BMC)(LB)
                            :

NEW YORK STATE EXECUTIVES and  :
OFFICERS, SUPREME COURT OF NEW  :
YORK STATE, NYS UNIFIED COURT  :
SYSTEM, OFFICE OF COURT        :
ADMINISTRATION; SUPREME COURT  :
STATE OF NEW YORK,          :
                            :
             Defendants.  :
                            :
------------------------------------------------------------ X

**COGAN**, District Judge.

     Plaintiff Ralph Baker, proceeding *pro se*, brings this action seeking damages and

injunctive relief against the Supreme Court of the State of New York, the New York State

Unified Court System, the Office of Court Administration, and unnamed "executives and

officers" of those agencies.[1] Defendants have moved to dismiss, and plaintiff has filed

opposition. The motion is granted for the reasons set forth below.

---

[1] Plaintiff is a frequent *pro se* litigant in this Court. See Baker v. Lawrence Novelty Co., Inc., No. 11 Civ. 02806 (E.D.N.Y. Aug. 12, 2011), Baker v. Pataki et al., No. 06 Civ. 06138 (E.D.N.Y. Feb. 20, 2007).

## **BACKGROUND[2]**

Plaintiff claims that at the arraignment and bail hearing on his indictment for grand larceny involving the use of false instruments, he was ordered, on motion of his attorney, to submit to a mental health examination under New York Criminal Procedure law §730. Following the examination, the court held a competency hearing in which two examining psychiatrists testified that plaintiff was not competent to proceed to trial. The court made a finding to that effect and entered an order of commitment confining plaintiff to the Kirby Psychiatric Center for a period of one year or until such time as he was deemed fit to stand trial. He remained there for nine months until the facility determined that he was competent. Plaintiff then appeared in court and was released on his own recognizance, subject to certain orders of protection that required him to stay away from a building that was related to his indictment. He then violated those orders of protection and was remanded. The record before me reflects that the criminal proceeding remains pending.

Read liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the complaint alleges a deprivation of due process. In essence, plaintiff contends that there were no grounds to order a mental health examination to begin with, and that there were certainly no grounds for holding him in a mental health facility. He also alleges ineffective assistant of counsel. Plaintiff seeks at least $3,155,000 in compensatory damages, trebling of that damage award, and an injunction ordering the state court to remand him to Riker's Island, calendar his case within 24 hours, and expunge all record of his mental defect or disease.[3] In opposition to the motion to dismiss,

---

[2] Plaintiff has annexed transcripts and other documents to his complaint, and defendants have annexed other documents referenced in plaintiff's complaint, which may be considered in determining defendants' motion to dismiss. See Halebian v. Berv, 644 F.3d 122, 131 n. 7 (2d Cir. 2011).

[3] The injunctive relief, other than expunging the mental health records, appears to be moot.

2

plaintiff modifies his requested relief to include his release from the New York City Department
of Corrections.

## DISCUSSION

The motion to dismiss must be granted for several reasons. First, the Eleventh
Amendment to the United States Constitution prohibits suits for damages against the State and its
judicial agencies. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[N]either
a State nor its officials acting in their official capacities are 'persons' under § 1983."). The
Supreme Court of the State of New York and the Office of Court Administration are part of the
New York State Unified Court System, which is unquestionably an "arm of the State" protected
by the Eleventh Amendment. Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (quoting
Woods v. Rondout Valley Cent. Sch. Dist. Bd. Of Educ., 466 F.3d 232, 236 (2d Cir. 2006));
Canales-Jacobs v. New York State Office of Court Admin., 640 F.Supp.2d 482, 498 (S.D.N.Y.
2009). Plaintiff's complaint for damages must therefore be dismissed as against these entities.

Plaintiff's remaining request for prospective injunctive relief, the expunging of his mental
health records, is not subject to the Eleventh Amendment. See Harris v. Mills, 572 F.3d 66, 72
(2d Cir. 2009). However, plaintiff has failed to allege due process violations against these
defendants. He does not point to anything constitutionally deficient on the face CPL §730.30,
nor does he point to any lack of process in how it was applied to him. Considering plaintiff's *pro
se* status, I have reviewed the state court proceedings to see if there is any colorable deprivation
of process, and there is not. There were more than ample grounds for both plaintiff's criminal
attorney and the state court to be concerned about his fitness to stand trial, thus proposing and
ordering, respectively, the examination, and two psychiatrists found that those concerns were
valid. Plaintiff simply disagrees with the conclusion of the psychiatrists and the court that he

3

was not fit to stand trial. Due process entitled plaintiff to notice and a hearing regarding his pretrial confinement; it did not require a resolution in his favor. Cf. Schall v. Martin, 467 U.S. 253, 104 S.Ct. 2403 (1984) (upholding provisions of New York's Family Court Act as to pretrial detention, which has similar due process protections).

To the extent plaintiff intends to assert claims against the judges involved in his state court proceedings, his claim fails due to judicial immunity. The transcripts of the proceedings reveal that the judges were acting precisely within their judicial capacity in entering the orders that they did, and thus cannot be sued for having entered those orders. It is firmly established that "[j]udges have traditionally enjoyed absolute immunity for damages arising out of judicial acts performed in their judicial capabilities." Rios v. Third Precinct Bay Shore, No. 08–CV– 4641 (JFB)(ETB), 2009 WL 2601303, at *3 (E.D.N.Y. Aug. 20, 2009) (citing Mireles v. Waco, 502 U.S. 9, 11–12, (1991)). The only exception is when a judge acts in a non-judicial capacity or enters orders that are beyond his jurisdiction. Waco, 502 U.S. at 11–12. In addition, "judicial immunity is not overcome by allegations of bad faith or malice. . . ." Waco, at 11. (citing Pierson v. Ray, 386 U.S. 547, 554 (1967).

Plaintiff additionally appears to complain about his attorney at the arraignment, although he has not named that attorney in the caption. Even assuming his attorney was appointed by the court (as seems highly likely), plaintiff cannot assert a claim against him under 42 U.S.C. § 1983 because he is not considered a state actor. See Pecou v. Hirschfeld, No. 07-cv-5449 (SJF), 2008 WL 957919, at *2 ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment.") (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)).

Finally, plaintiff's demand to be released from the custody of the New York City Department of Corrections, which he makes in his opposition the motion to dismiss, is not

4

cognizable under §1983. Requests for release from custody must be brought under the narrow remedy available in federal habeas corpus, not through a damage action. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

## CONCLUSION

Defendants' motion to dismiss is granted and the complaint is dismissed.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      June 20, 2012

5